UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALVIN WILSON,<br>*Petitioner*, | :<br>: | Civil Case Number: |
| v. | :<br>:<br>: | 15-cv-1193 |
| STATE OF CONNECTICUT,<br>*Respondent*. | :<br>:<br>: | June 15, 2016 |

## Memorandum of Decision

In a 28 U.S.C. § 2254 petition, Alvin Wilson attacks his 2013 conviction for violating a protective order; third-degree assault; and assault of public safety, emergency medical, or public transit personnel. Respondent moves to dismiss, arguing that the Section 2254 petition was filed beyond the one-year deadline. While the Court expresses minor disagreements with Respondent's calculation of the limitations period, the Court agrees that the petition is time-barred and dismisses on that basis.

## Factual and Procedural Background

On May 6, 2013, Wilson entered nolo contendere pleas to violating a protective order in violation of Connecticut General Statutes § 53a-223a; third-degree assault in violation of Connecticut General Statutes § 53a-61; and assault of public safety, emergency medical, or public transit personnel in violation of Connecticut General Statutes § 53a-167c. ECF No. 21-2. No appeal was filed. In a motion dated January 16, 2014, Wilson moved to correct an illegal sentence pursuant to Connecticut Practice Book § 43-22. ECF No. 21-4. The Court denied the motion on March 14, 2014. *Id.* at 2. No appeal was filed. In a state-court

habeas petition dated June 3, 2014, Wilson attempted to attack his underlying conviction. ECF No. 21-5. The petition was denied on January 13, 2015. ECF No. 21-9. Wilson did not appeal.

In a Section 2254 petition dated August 3, 2015, Wilson raises the following eight claims. ECF No. 1. First, police arrested him without probable cause, resulting in an illegal search and unlawful seizure of evidence. *Id.* at 9. Second, his conviction was obtained in violation of the privilege of self-incrimination. *Id.* Third, the prosecution failed to disclose evidence favorable to him. *Id.* Fourth, his conviction violated double jeopardy. *Id.* Fifth, the sentencing court failed to advise him of his right to appeal. *Id.* at 9, 15. Sixth, the denial of his habeas petition was conducted without due process. *Id.* at 11. Seventh, the prosecution breached the terms of the plea agreement by recommending a sentence different from the one contained therein. *Id.* at 13. Eighth, he is actually innocent of the charges. *Id.* at 15. In support of the Section 2254 petition, Wilson moves for "summary judgment," attaching documents from his underlying criminal proceedings and from his state post-conviction attacks.[1] ECF No. 18.

Respondent moves to dismiss, arguing, in relevant part, that the petition was filed beyond the one-year deadline. ECF No. 21-1. Despite receiving notice of the consequences for failing to object, ECF No. 22, Wilson has not filed a cognizable objection, *see* ECF No. 25 (Mem.).

---

[1] The Court denies the motion for summary judgment as procedurally improper and construes it as a memorandum in support of the Section 2254 petition.

2

## Legal Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for filing Section 2254 petitions. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run on the latest of one of four possible dates: the date on which (A) the petitioner's criminal conviction became "final"; (B) the State's unconstitutional action preventing the petitioner from filing his petition was removed; (C) the constitutional right asserted was initially recognized by the Supreme Court; or (D) the petitioner could have discovered the factual predicate for his claim through the exercise of due diligence. *Id.* With three possible exceptions, all claims implicate Section 2244(d)(1)(A) because Wilson does not allege that the State prevented him from filing his petition, does not raise any claims pertaining to a new rule of constitutional law, and does not allege that he could not have discovered the factual predicate for any of his claims before his conviction became final.[2]

---

[2] Three claims ostensibly invoke Section 2244(d)(1)(D), rendering that subsection applicable to the entire petition. *See Shuckra v. Armstrong*, 2003 WL 1562097, at *4 (D. Conn. Mar. 21, 2003) (ruling that Section 2244(d)(1) applies to petitions, not claims). The first possible exception arises from his claim that the state-habeas court denied him due process of law. This claim is not cognizable and thus cannot serve as a basis for invoking Section 2244(d)(1)(D). *See Word v. Lord*, 648 F.3d 129, 131 (2d Cir. 2011) ("We deny Word's application because her new petition, which purports to assert a due process challenge to New York's collateral post-conviction proceedings, does not state a claim that is cognizable under federal habeas review."). The second and third possible exceptions concern Wilson's claim based on the denial of exculpatory material and his actual-innocence claim. Wilson's filings, however, do not identify the factual bases for these claims. Without this information, the Court cannot determine when a duly diligent person in his position would have discovered the factual predicates. Section 2244(d)(1)(D) therefore does not apply. *See Shabazz v. Filion*,

3

Where, as here, a petitioner fails to file a direct appeal, his conviction becomes final when the time to appeal expires. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012) (holding that the time to file a motion under § 2254 begins to run after the time to file direct appeal has expired if the petitioner has not filed a direct appeal). Wilson was sentenced on May 6, 2013. His time to appeal expired twenty days later. *See* Conn. Practice Book § 63-1(a)–(b) (providing that criminal defendant has twenty days from the date of his oral sentence to appeal). Wilson's conviction thus became final on Monday, May 27, 2013. The instant petition was not filed until August 3, 2015—that is, 798 days thereafter.

Section 2244(d)(2) nonetheless provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." In other words, the days during which any post-conviction proceedings are pending must be subtracted from the calculation of the 365-day limitations period. Wilson initiated two post-conviction proceedings. The first proceeding was filed on January 16, 2014 and dismissed on March 14, 2014.[3] The second proceeding was filed on June 3, 2014 and

---

402 F. App'x 629, 630 (2d Cir. 2010) (affirming district court's conclusion that Section 2244(d)(1)(D) did not apply because petitioner failed to meet *his* burden of proving due diligence).

[3] The Court disagrees with Respondent and applies the prisoner-mailbox rule to state-court filings. *See Mercado v. Comm'r of Corr.*, 2015 WL 5162484, at *1 (D. Conn. Sept. 1, 2015) ("The salient issue, raised by the pro se petitioner, is whether the prison mailbox rule governs the filing of a state habeas petition for the purpose of calculating the one-year limitations period governing the filing of section 2254 petitions. The Court holds that it does.").

dismissed on January 13, 2015. The tolling period also includes the time for seeking appellate review.[4] *Cf. Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000) ("We therefore hold that a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures."). In Connecticut, a litigant has 20 days to appeal the denial of a motion to correct an illegal sentence, *see* Conn. Practice Book § 63-1(a) (providing 20 days to appeal unless another deadline imposed by statute), and 10 days to seek permission to appeal the denial a habeas corpus petition, *see* Conn. Gen.Stat. § 52-470(g). The Court thus excludes the period from January 16, 2014 until April 3, 2014 (77 days) and the period from June 3, 2014 and January 23, 2015 (234 days) from the limitations period. Excluding these two periods totaling 311 days from the 798 days since his conviction became final, the Court finds that a total of 487 days count towards the limitations period—that is, 122 days beyond the 365-day deadline.

Wilson's Section 2254 petition is untimely unless saved by equitable tolling. Equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Wilson, who bears the burden of proof, asserts no basis for doing so. The Court therefore agrees with Respondent that the petition is untimely and grants the motion to dismiss.

---

[4] The Court disagrees with Respondent on including the appeal period.

5

The Court dismisses the Section 2254 petition with prejudice.  *See Murray v. Greiner*, 394 F.3d 78, 80–81 (2d Cir. 2005) (dismissal "as tardy under the controlling statute of limitations . . . constitutes an adjudication on the merits and subjects future challenges . . . to the gatekeeping requirements of § 2244(b)(3)).  The Court declines to issue a certificate of appealability because jurists of reason would not find this procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

## Conclusion

For the foregoing reasons, the Court denies the motion for summary judgment as procedurally improper, grants the motion to dismiss the petition as time-barred, dismisses the petition, declines to issue a certificate of appealability, and revokes *in forma pauperis* status for purpose of appeal.  The Clerk of Court is directed to enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.  *See Kaplan v. Bombard*, 573 F.2d 708, 711 n.2 (2d Cir. 1978).

IT IS SO ORDERED.

                                                                   /s/
                                           Vanessa L. Bryant
                                           United States District Judge

Order dated in Hartford, Connecticut on June 15, 2016.